UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
MOUNIRA AL HMOUD,

                                                    Plaintiff,                        **MEMORANDUM**
                                                                                 **AND ORDER**

            -against-                                                    20-CV-4806 (FB) (RLM)

**ALTICE USA, INC.**, *et al.*,

                                                    **Defendants.**
-------------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Plaintiff Mounira Al Hmoud ("plaintiff") has moved to quash a yet-to-be-served subpoena *duces tecum* directed to a former employer for whom plaintiff worked subsequent to her termination by defendants. See generally Motion to Quash (Jan. 20, 2022) ("Pl. Mot."), Electronic Case Filing ("ECF") Docket Entry ("DE") #32. The subpoena calls for the production of "[a]ny and all employment-related records and documents for [plaintiff], including but not limited to Personnel file, application and resume . . . , all contracts for employment . . . , all performance evaluations, disciplinary documents, and reasons for termination[.]" Volant Media Subpoena (docketed on Jan. 20, 2022) ("Subpoena"), DE #32-1 at ECF p. 9. Plaintiff complains that "[d]efendants are improperly seeking documents far beyond mitigation efforts[,]" despite the fact that plaintiff was deposed for a full day last month and has been served with Requests to Admit seeking information regarding her subsequent employment. Pl. Mot. at 2; see generally Requests to Admit (docketed on Jan. 20, 2022), DE #32-2. Defendants counter that the subpoenaed documents are relevant to plaintiff's "alleged emotional distress damages and mitigation efforts[,]" see Response in

Opposition (Jan. 24, 2022) ("Def. Opp.") at 2, DE #33, and, considering that plaintiff is no longer working for the subpoenaed entity, the "speculative harm" to plaintiff's "generic privacy interest" is outweighed by the "relevance and probative value of the subpoenaed documents[,]" id. at 1-2.

This Court, exercising its "broad discretion," concludes that some but not all of the documents sought are relevant and discoverable. See Abdelsayed v. N.Y. Univ., 17-CV-9606 (VSB) (KHP), 2019 WL 2336533, at *2, *4 (S.D.N.Y. June 3, 2019); Smalls v. N.Y. Hosp. Med. Ctr. of Queens, 13 CV 1257 (RRM), 2013 WL 12333083, at *9 (E.D.N.Y. Oct. 15, 2013). Where, as here, a plaintiff is alleging wrongful termination, the circumstances leading up to the end of her subsequent employment relationship may bear on plaintiff's mitigation efforts and thus impact her entitlement to an award of back pay or front pay. See, e.g., Bergerson v. N.Y.S. Office of Mental Health, Cent. N.Y. Psychiatric Ctr., 526 F.App'x 109, 111 (2d Cir. 2013); EEOC v. AZ Metro Distribs., LLC, 15-CV-05370 (ENV) (PK), 2020 WL 7404432, at *5 n.6 (E.D.N.Y. Dec. 16, 2020) (quoting Reilly v. Cisneros, 835 F.Supp. 96, 99 (W.D.N.Y. 1993), aff'd, 44 F.3d 140 (2d Cir. 1995)); Poliard v. Saintilus Day Care Ctr., Inc., No. 11 CV 5174(MKB)(LB), 2013 WL 1346238, at *5 n.7 (E.D.N.Y. Mar. 7, 2013), adopted, 2013 WL 1346398 (E.D.N.Y. Apr. 2, 2013); Brenlla v. LaSorsa Buick Pontiac Chevrolet, Inc., No. 00 CIV. 5207(JCF), 2002 WL 1059117, at *11 (S.D.N.Y. May 28, 2002).[1] The Court rejects plaintiff's invitation to limit defendants to plaintiff's statements concerning her subsequent employment, see Pl. Mot. at 2, inasmuch as defendants have

---

[1] Such information may also shed light on the pain and suffering that plaintiff claims to have endured as a result of defendants' alleged wrongdoing.

proffered evidence calling into question the reliability of portions of her deposition testimony, see Def. Opp. at 2, 3.

The question thus becomes whether the challenged subpoena is overbroad and/or whether the ensuing harm to plaintiff outweighs defendants' right to the information sought. See, e.g., Mirkin v. Winston Resources, LLC, No. 07 Civ. 02734(JGK)(DF), 2008 WL 4861840, at *1 (S.D.N.Y. Nov. 10, 2008). Subpoenas served on a *former* employer are far less problematic than those served on a current employer, as "concerns about adverse effects of a subpoena are lower" in the context of a subpoenaed former employer. Abdelsayed, 2019 WL 2336533, at *4; see id. at *2; Mirkin, 2008 WL 4861840, at *1. And in this case, plaintiff fails to substantiate her conclusory assertion that service of the subpoena will "hamper her ability to find work" in the future. Pl. Mot. at 2; see Ghonda v. Time Warner Cable, Inc., 16-CV-2610 (PKC), 2017 WL 395111, at *3 (E.D.N.Y. Jan. 27, 2017).

That said, the Court nevertheless concludes that the proposed subpoena, as drafted, is overly broad, in that it calls for the production of "[a]ny and all employment-related records and documents for [plaintiff], including but not limited to Personnel file[.]" Subpoena, DE #32-1 at ECF p. 9. Consistent with other decisions in this Circuit, the Court grants a protective order with respect to this plainly overbroad portion of the subpoena. See, e.g., Henry v. Morgan's Hotel Grp., Inc., 15–CV–1789 (ER)(JLC), 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); Smalls, 2013 WL 12333083, at *9.

## CONCLUSION

For the foregoing reasons, plaintiff's motion is granted in part and denied in part, to the extent described above. Defendants are authorized to draft and serve a limited subpoena,

3

consistent with this ruling.  Discovery has otherwise closed, and the deadlines previously set by this Court remain in place.  <u>See</u> Order (Dec. 17, 2021).

      **SO ORDERED.**

**Dated:**    **Brooklyn, New York**
           **February 15, 2022**

                       /s/ <u>*Roanne L. Mann*</u>
                       **ROANNE L. MANN**
                       **UNITED STATES MAGISTRATE JUDGE**